[Civ. No. 1822.   First Appellate District.—June 27, 1916.]

EDWARD C. GOLDNER, Respondent, v. WM. CRANE SPENCER et al., Defendants; THOS. E. CURRAN, Administrator, etc., Appellant.

MORTGAGE—FRAUD ON CREDITORS OF MORTGAGOR—INSUFFICIENCY OF EVIDENCE—DECISION ON FORMER APPEAL CONCLUSIVE.—In the second trial of an action for the foreclosure of a mortgage, where the court had before it practically the same evidence which was before it upon the first trial and also before the supreme court upon the first appeal, the decision of the supreme court upon such appeal as to the insufficiency of the evidence to support the defense set up by a judgment creditor of the mortgagor that such mortgage was executed with intent to defraud creditors is conclusive upon the second appeal.

ID.—RELEASE OF FRACTIONAL ACRE FROM MORTGAGE—ERRONEOUS FINDING—RIGHTS OF REDEMPTIONER NOT PREJUDICED—RELEASED PORTION WITHOUT VALUE.—A judgment creditor of the mortgagor, entitled to be a redemptioner of the property to be sold under the decree of foreclosure and sale, is not injured by an erroneous finding that a small fraction of an acre had been released from the operation and effect of the mortgage, where it is expressly found that such fraction of land was of practically no value.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   John E. Richards, Judge presiding.

The facts are stated in the opinion of the court.

Henry N. Beatty, Francis Dunn, and Thomas E. Curran, for Appellant.

L. W. Lovey, and Walter E. Dorn, for Plaintiff and Respondent.

Walter H. Robinson, for Defendants and Respondents.

KERRIGAN, J.—This is an appeal by the defendant, Thos. E. Curran, as administrator of the estate of Elizabeth Cullen, deceased, from a judgment in plaintiff's favor, and from an order denying said defendant's motion for a new trial.   The facts of the case as disclosed by the record are

these: In the month of November, 1904, the defendant, William Crane Spencer, borrowed the sum of three thousand dollars from Elizabeth Cullen, giving his promissory note therefor. In the month of December of the same year he received the additional sum of seven thousand dollars, which he was to invest for her. Mrs. Cullen died in the year 1906, and the defendant, Thos. E. Curran, was appointed her administrator with the will annexed, and in that capacity brought an action against William Crane Spencer to recover both the money he had borrowed and the sum which had been intrusted to him. In that action judgment was rendered in favor of the administrator for the sum of $10,946.46, with interest and costs, on March 22, 1908. A transcript of this judgment was recorded in the county of Placer on the sixth day of April, 1908, and it then became a lien upon whatever interest said Spencer then had in the property lying in said county and being the subject of the present action.

. In the meantime, and in the early part of the year 1907, William Crane Spencer had gone to Paris, France, and there and during that year had executed his note and mortgage for the sum of twenty-one thousand dollars covering the Placer County property to Edward C. Goldner, plaintiff in this action, who was a half-brother of Spencer, and a resident of Paris. The mortgage was recorded in the county of Placer on March 16, 1908, prior to the recordation there of the transcript of the judgment obtained by Curran. The present action to foreclose said mortgage was commenced in the month of September, 1909, in the county of Placer. The defendant Curran appeared in said action and set up the issue of fraud in the transaction between the plaintiff Goldner and William Crane Spencer, invalidating said note and mortgage, or at least subordinating the same to the Curran judgment. The trial court found upon this issue in Curran's favor, but upon appeal to the supreme court this finding was held to be unsupported by sufficient evidence and the judgment was reversed. The case is reported in *Goldner* v. *Spencer*, 163 Cal. 317, [125 Pac. 347]. The cause was then transferred to the city and county of San Francisco for a second trial, and from the judgment therein rendered in the plaintiff's favor, and from the order denying a new trial, the defendant Curran prosecutes this appeal.

The first contention made by the appellant Curran is that the evidence is insufficient to sustain the judgment against his contention upon the issue of fraud. It is conceded, however, that the trial court upon the second trial of the cause had before it practically the same evidence which was before the trial court of Placer County upon the first trial of the cause, and also before the supreme court upon the first appeal. This being so, we are bound by the views expressed by the supreme court as to the weight, sufficiency, and effect of this evidence upon the former appeal, and, as we have seen, the supreme court has held such evidence insufficient to sustain the issue tendered by the defendant Curran as to the fraudulent character of the transaction between the plaintiff Edward C. Goldner and William Crane Spencer. No further comment upon this phase of the present appeal is necessary than merely to call attention to the language of the supreme court upon the former appeal. (*Goldner* v. *Spencer,* 163 Cal. 317, [125 Pac. 347].)

The next contention of the appellant is that the court in its findings upon the second trial of the cause committed an error in finding that a certain small, irregular portion of the premises in question amounting to less than one-third of an acre, and separated from the balance of the tract by a turn in the county road, had been released from the operation and effect of the Goldner mortgage, when in fact there was no evidence of such release. The injury which the defendant Curran claims to have suffered from this alleged error is that, having sold the interest of said Spencer in the entire tract upon an execution issued upon the Curran judgment, and having become the purchaser thereof by said sale, he has thereby become entitled to be a redemptioner of the property to be sold under the decree of foreclosure and sale in the present action, and that since the court has erroneously found that this small fraction of an acre has beeñ released from the effect of said mortgage and sale, his burden as a redemptioner has been thereby increased as to the balance of the property. While the record appears to be wanting in the evidence of the release of this small piece of land sufficient to sustain this particular finding of the court, it does appear that the court has expressly found that this fraction of an acre of land is of practically no value. There is enough evidence in the record to sustain this finding, and this being so, the court's

error in finding the fact of its release from the effect of the Goldner mortgage and sale was an error without injury to the appellant, and was therefore not sufficiently material to justify a reversal of the case.

There are no other material contentions of the appellant upon this appeal which are not disposed of in the decision of the former appeal.

Judgment and order affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 25, 1916.